MEIGS and others *vs.* LISTER and others.

An injunction, issued on bill and answer, restraining the defendants from carrying on their business in specified ways, was, after the lapse of a year, modified without opposition on part of complainants. Under the modified injunction, the business was carried on for another year, when the cause was brought to hearing upon the evidence. The proof being held to be insufficient to justify a decree putting an end to the defendants' business, the cause was ordered to stand without final decree, with permission to either party to apply for leave to produce additional proofs, or to be heard anew. Meanwhile, neither party to pay costs to the other.

*Mr. C. H. Winfield,* for complainants.

*Mr. Leonard* and *Mr. Wild,* for defendants.

THE VICE-CHANCELLOR.

The bill in this suit was filed on the 13th of May, 1872, by Henry Meigs and others, residing in or near to Bayonne, on the east side of Newark bay. Its object was to restrain the defendants from carrying on the business then conducted by them on the opposite or west side of the bay, at a point known as Maple Island Creek. The business was charged to be a nuisance. It was that of an establishment for drying bones, rendering matter and refuse animal matter generally, brought there from the city of New York and other places. On the 10th of June, 1872, the defendants filed an answer, and upon the bill, answer and affidavits, the case was argued before the late Chancellor Zabriskie, whose opinion is reported in 8 *C. E. Green* 200. In pursuance of this opinion, an injunction was issued, restraining the defendants from carrying on the business of drying or burning the offal, bones, refuse and other animal matter at said place, and from pursuing any other business or process whereby smells, stenches, smokes, vapors or gases are generated, on the point of land

where said establishment was situated, or anywhere about or near thereto, and from carrying offal, bones and other animal matter, which emit smells, loosely in boats, or in boats in barrels or other vessels, without water and air-tight heads, or carrying empty barrels or other vessels in said boats, which have been filled with bones, offal and other animal matter, without water and in air-tight heads, through Newark bay or the Kill Von Kull, near the complainants' dwelling-houses.

The injunction, as above issued, continued in force till August 8th, 1873, when it was modified by an order of this court, made without controversy or opposition from the complainants. By such order, the defendants were at liberty to prepare and manufacture into fertilizers the bones, tissues and other animal matter then on their premises, and remove the same therefrom, and to carry on, on said premises, the business of manufacturing fertilizers from bones, tissues and other animal matter, in such manner as not to generate any unwholesome or offensive smells, stenches, smokes, vapors or gases.

Under the injunction so modified, the defendants went on till in the fall of 1874, when, upon the motion of the complainants, the cause was brought to hearing upon the testimony of witnesses given orally before me. It is now insisted for the complainants, that the defendants have not conformed their business to the requirements of the modified injunction, and that the business, as conducted through the summer of 1874, was a nuisance, the continuance of which ought to be enjoined.

A considerable amount of testimony has been taken on both sides. The result of it is not sufficiently clear and satisfactory to justify a decree putting an end to the business of the defendants, conducted at Maple Island Creek. I think the preponderance of the testimony is against such a decree rather than in favor of it. But while this is so, my judgment is that the suit should be held open, for the purpose of enabling the complainants and the public of that vicinity to test the true nature or character of the defendants' establishment

in controversy, by further observation and experience of it. The proofs as they stand may be hereafter used, if desired, in connection with others, if other proofs should hereafter be found to arise. The public and important character of the question involved in the suit, justify the further holding of it for this purpose, and I shall therefore advise that the cause be ordered to stand without final decree, and that either party may hereafter apply for leave to produce additional proofs, or to be heard anew. Neither party, meanwhile, to pay costs to the other.